IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS R. HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00856-WKW-GMB |
| | ) | [WO] |
| TOWN OF CAMP HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court are Defendants' Objections to Plaintiff's Expert Witness Disclosures and Motion to Preclude Testimony (Doc. 45)[1] and Defendants' Motion to Extend Deadline for Disclosure of Defendants' Expert Witnesses (Doc. 50). For the reasons set forth below, it is ORDERED that the motions are GRANTED in part and DENIED in part.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Douglas R. Heard claims that he was wrongfully arrested on three occasions during February and March 2015. Doc. 39. Heard has sued the Town of Camp Hill, Alabama, along with its mayor, Danny Evans; its chief of police, Johnny R. Potts; and a police officer working for the Town, Kendrick Norris. Doc. 39 at 1–2. The core allegations are that the defendants deprived Heard of his civil rights by arresting him

---

[1] Pursuant to 28 U.S.C. § 636, the District Court specifically referred this motion to the undersigned for disposition. Doc. 46.

without probable cause on each occasion and by subjecting him to verbal and physical abuse during the arrests. Doc. 39 at 3–14. Heard also claims that Potts used excessive force during the February 17, 2015 arrest by handcuffing him too tightly and by "yanking" on the handcuffs after they had been fastened around his wrists. Doc. 39 at 5–6. Heard alleges that the injuries resulting from Potts' misuse of the handcuffs include "carpal tunnel syndrome and other ailments in his right wrist with swelling and tingling sensations and, at times, numbness." Doc. 39 at 6.

After the defendants answered Heard's complaint, the court entered its Uniform Scheduling Order on February 22, 2017, which allowed the parties until September 6, 2017 to complete discovery[2] and included the following provision regarding expert disclosures:

> The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure,
> From the plaintiff(s), on or before **July 10, 2017.**
> From the defendant(s), on or before **August 7, 2017.**

Doc. 25 at 2. The text of Federal Rule of Civil Procedure 26 parallels this language, mandating that any expert witness "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).[3]

---

[2] This deadline has now been extended to October 6, 2017. Doc. 44.
[3] The rule also contemplates that witnesses "whose duties as the party's employee regularly involve giving

The Rule 26(a)(2)(B) report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). If the witness is not one from whom a written report is required, the disclosure merely "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

On July 10, 2017—the last day for expert disclosures consistent with the Uniform Scheduling Order—Heard served on the defendants his "Notice of Expert Witness Disclosures," which identified nine expert witnesses he may use at trial. Doc. 45-1. The nine were Robert Schuster, M.D., a physician who treated Heard; James E. Lyle, M.D., another treating physician; Kim Cotney, the communications supervisor with the Tallapoosa County Sheriff's Office; Roosevelt Finley, a former law enforcement officer; Eric Kelley, a law enforcement officer employed by the Dadeville, Alabama Police Department; Nathan White, a law enforcement officer employed by the Lafayette,

---

expert testimony" also must prepare a written report. Fed. R. Civ. P. 26(a)(2)(B). The proposed witnesses have not been identified as Heard's employees, and thus this provision of Rule 26 is not implicated by Heard's disclosures.

Alabama Police Department; Frank G. Holley, a former municipal mayor; Ben C. Hand, a former municipal prosecutor; and Rashid Swanson, a technical director and videographer. Doc. 45-1.

Upon receiving Heard's disclosure, the defendants filed the pending Objections to Plaintiff's Expert Witness Disclosures and Motion to Preclude Testimony (Doc. 45). In summary, the defendants contend that the disclosures do not comply with Rule 26. *See* Doc. 45 at 2. Rather than meet these objections head on, Heard amended his disclosures for the original nine expert witnesses and identified one additional expert witness, Jeffrey R. Fraser, a licensed physical therapist. Docs. 48 & 48-1. Heard served these supplemental disclosures on August 11, more than one month after the deadline set by the Uniform Scheduling Order. Doc. 48-1 at 20. Although the defendants' objections have remained pending, the Uniform Scheduling Order's clock has continued to run, with the defendants' expert disclosures now due in approximately two weeks, on September 6, 2017. Doc. 44. As a result, the defendants filed a motion seeking an extension of their expert disclosure deadline. Doc. 50 at 3.

## II. DISCUSSION

As is evident from the passages excerpted above, the Federal Rules of Civil Procedure establish a two-tiered system for the disclosure of information relating to witnesses who are expected to present opinion testimony. If the witness is "retained or specially employed to provide expert testimony in the case," the disclosure must include a written report in the format specified by Rule 26(a)(2)(B). If the witness is not

4

retained or specially employed, the disclosure need not include a formal written report. Fed. R. Civ. P. 26(a)(2)(C). Regardless of categorization, the disclosures must occur within the deadlines set forth in the court's Uniform Scheduling Order and otherwise comply with its provisions—or face the potential for sanctions pursuant to Rule 37(c)(1).

In the discussion to follow, the court initially addresses whether Heard's disclosures have complied with even the less stringent disclosure obligations of Rule 26(a)(2)(C). Finding areas of critical noncompliance, the court sustains the defendants' objections to Heard's disclosures. The court next addresses whether any of Heard's proposed witnesses qualify as retained experts under Rule 26(a)(2)(B), finding that Heard has not, to date, provided sufficient information to make this determination as to three potential witnesses. As result, the court orders further supplementation of Heard's disclosures as to certain witnesses, and prohibits Heard from introducing expert testimony at trial from these witnesses unless and until appropriate disclosures have been provided to the defendants. Finally, the court extends the defendants' expert disclosure deadline to allow for adequate time to respond to Heard's amended disclosures.

A. **Sufficiency of Expert Disclosures**

Rule 26(a)(2) compels the disclosure of "the identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The Uniform Scheduling Order adds a reference to information within Federal Rule of Evidence 701, which relates to opinion testimony by lay witnesses. Doc. 25 at 2. The threshold issue, then, is whether Heard intends to elicit opinion testimony within the

meaning of Federal Rules of Evidence 701, 702, 703, and 705 from each of the proposed witnesses he has disclosed. The logical starting point is Heard's disclosures, which identify themselves as "Plaintiff's Notice of Expert Witness Disclosures" and "Plaintiff's Amended and Supplemental Notice of Expert Witness Disclosures." Docs. 45-1 & 48-1. In addition, each disclosure identifies the witnesses as "experts" who "may be utilized at the trial of this case." Docs. 45-1 at 1 & 48-1 at 1. And Heard has identified at least one subject on which an opinion will be offered by every witness. *See* Docs. 45-1 & 48-1. This is sufficient to convince the court that each of the ten witnesses is an expert within the meaning of Federal Rules of Civil Procedure and the Uniform Scheduling Order.

As a result, Heard was required—at a minimum—to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). In this analysis, the court will consider the content of Heard's amended disclosures. While even the amended disclosures are formulaic, repetitive, and lack specificity, the court concludes that Heard has identified the general subject matter on which each witness will present opinion evidence. *See, e.g.*, Doc. 48-1 at 1–2 (identifying Robert Schuster as Heard's treating physician and describing categories of testimony relating to the treatment) & Doc. 48-1 at 10–11 (describing general categories of expected testimony from Roosevelt Finley, a law enforcement officer).

Where Heard's disclosures fall flat is in their attempt to comply with Rule

26(a)(2)(C)(ii)'s requirement of summarizing the facts and opinions the witness is anticipated to offer. Heard has done little more than sketch out the broad contours of the subjects about which his experts will testify. In fact, it would not be an exaggeration to say that Heard has not identified a single specific opinion in his 20-page amended disclosures. Heard claims only that Robert Schuster, for example, "will provide an opinion regarding the Plaintiff's physical health conditions prior to and since the incident made the basis of this lawsuit." Doc. 48-1 at 1. But what might that opinion be? Will he testify that Heard's health has deteriorated since the incident? That it has improved? That his health is improving overall but that he is experiencing symptoms consistent with carpal tunnel syndrome? Heard's disclosures beg these questions and many more.[4] Simply put, Heard has not disclosed his experts' opinions, nor has he linked those opinions to the facts on which they are based, as required by Rule 26(a)(2)(C).

"[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58 (2006). Under any reasonable interpretation, Heard's disclosures do little to prevent surprise or to allow the defendants to prepare their defense of his claims, instead giving "only the most conclusory hint of the anticipated testimony." *Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *8 (N.D. Ga. Mar. 21, 2013).

---

[4] Heard's refusal to commit to anticipated opinions is not limited the treating physicians. *See, e.g.*, Doc. 48-1 at 9 ("Specifically, Ms. Cotney will provide an opinion regarding records of complaints filed by residents in Camp Hill, Alabama and maintained by the Tallapoosa County Sheriff's Department.") & 10 ("[Mr. Finley] will provide an opinion regarding how a police department operates under the laws of the State of Alabama and a municipality.").

This is plainly insufficient to comply with the letter and spirit of Rule 26(a)(2)(C). The defendants' objections to the disclosures are SUSTAINED.

B.  **Sanctions for Insufficient Disclosures**

Having found that Heard's disclosures do not comply with Rule 26(a)(2)(C), the court must consider the appropriate sanctions for this failure. Pursuant to Rule 37(c)(1), a party's failure to "identify a witness as required by Rule 26(a)" results in a prohibition against using that witness at trial. But there is a significant exception carved out of this exclusionary rule. The witness need not be excluded if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Heard has offered no justification for his inadequate disclosures, nor do the circumstances of this case suggest any justification. Heard has known since February that his disclosures would be due on July 10. Doc. 25. He had approximately five months of discovery—and almost one year since his claims were originally filed in state court—to determine whether he would need expert testimony to support his claims. *See* Doc. 1-2. Even so, he waited until the last day under the Uniform Scheduling Order to make his initial disclosures—and these were so obviously deficient that he chose to amend them rather than defend their propriety when challenged. Docs. 45-1 & 48. There is nothing about this history that suggests a justification for Heard's failure to meet his discovery obligations.

Although unjustified, the court ultimately determines that Heard's failure can be considered harmless if—and only if—he timely supplements his disclosures. Other courts within this circuit have looked to five factors in this analysis, and this court finds

their approach to be well reasoned. *See Cambridge Univ. Press v. Becker*, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010); *Kondragunta*, 2013 WL 1189493, at *7. The five relevant factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Cambridge*, 2010 WL 6067575, at *3 (citing *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009)). Within this framework, however, the court retains discretion to tailor appropriate sanctions. *See Vaughn v. United States*, 542 F. Supp. 2d 1331, 1337 (S.D. Ga. 2008) (imposing lesser sanctions than exclusion for untimely disclosures).

Certainly, as discussed above, allowing Heard to proceed with his deficient expert disclosures would result in surprise for the defendants and potentially the disruption of the proceedings. But at this stage of the case, the court finds the second factor to weigh heavily against the exclusion of Heard's proffered experts. The parties still have almost two months before the discovery deadline and almost seven months to prepare for trial. And while the Uniform Scheduling Order set a deadline of July 10, 2017 for Heard's disclosures, Rule 26(a)(2)(D)'s default deadline of 90 days prior to trial has not yet run. With so much time left before trial, there is a cure for Heard's failure: an amendment to his expert disclosures that would comply with Rule 26. The wisdom of employing a lesser sanction than exclusion is underscored by the importance of the expert testimony to

9

Heard's claims, as the defendants have argued that he cannot prove a causal link between his claimed injuries and the defendants' conduct without expert testimony. *See* Doc. 49 at 4. For all of these reasons, the undesigned will not exclude Heard's proffered expert testimony—at least not on the record currently before the court. *See Brown v. Best Foods*, 169 F.R.D. 385, 389 (N.D. Ala. 1996) (ordering supplemental Rule 26(a)(2) disclosures as a substitute to excluding testimony).

C.  **Required Supplementation**

   1.  ***For All Experts***

For each of the ten witnesses previously identified, Heard is ORDERED to serve on the defendants, no later than **August 30, 2017,** amended disclosures that comply with Rule 26(a)(2)(C). This shall include specific anticipated opinions in numbered paragraphs, and each shall commit to an anticipated opinion rather than merely identify the general subject matter of the opinion. Underneath each opinion, Heard shall include sub-paragraphs stating the specific facts upon which the opinion is based. References to medical records or other discovery materials is insufficient. *See Kondragunta*, 2013 WL 1189493, at *6 ("Allowing medical records to be submitted 'in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a "summary."'") (quoting *Ballinger v. Casey's Gen. Store, Inc.*, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012)).

   2.  ***For the Medical Experts***

As to the three medical experts—Robert Schuster, James E. Lyle, and Jeffrey R.

Fraser—Heard is further ORDERED, no later than **August 30, 2017**, either to serve on the defendants (1) written reports that comply with the provisions of Rule 26(a)(2)(B), or (2) affidavits setting forth sufficient information from which the defendants and the court may determine whether these experts are exempted from Rule 26(a)(2)(B). *See Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.*, 2006 WL 3192544, at *3 (D. Kan. Nov. 2, 2006) (ordering revised disclosures or supplemental affidavits under similar circumstances). Heard, as "the part[y] seeking to avoid producing full written expert reports, bear[s] the burden of demonstrating that Rule 26(a)(2)(B) reports are not required." *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012). Heard's initial disclosures stated that each of these witnesses would "charge the standard hourly fee." *E.g.*, Doc. 45-1 at 3. Later, in an apparent attempt to avoid Rule 26(a)(2)(B), Heard alleged that these experts are his treating physicians (or a "referred specialist," in Fraser's case), and that they have not been retained for this litigation and will not testify as to causation. Doc. 48-1 at 2, 5 & 7. Even taking these new allegations at face value—despite their contradiction of the original disclosures—Heard has not provided enough information to conclude whether his expert witnesses must provide formal written reports pursuant to Rule 26(a)(2)(B).

"The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that a plaintiff can not avoid the requirements of Rule 26 by simply indicating that [her] experts are [treating physicians] . . . . Rule 26 focuses not on the status of the witness, but rather the substance of the

11

testimony." *Brown*, 169 F.R.D. at 388 (citations and quotations omitted).

> In determining whether a Rule 26(a)(2)(B) report is required, the label of "treating physician" is irrelevant; instead, the determination turns on the substance of the physician's testimony. When a treating physician testifies regarding opinions "formed and based upon observations made during the course of treatment," the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. A treating physician may be subject to Rule 26(a)(2)(C) as to portions of his or her testimony and may be deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions.

*In re Denture Cream*, 2012 WL 5199597, at *4 (citations omitted). Described another way, "[i]f a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician 'cannot be forced to file a written report required by Rule 26(a)(2)(B).'" *Brown*, 169 F.R.D. at 388 (quoting *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y.1995)). In contrast, "a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specifically retained notwithstanding that he also happens to be the treating physician." *Id.* at 389 (citing *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995); *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993)).

As discussed above, Heard has not provided enough information regarding the medical experts' proposed testimony to satisfy Rule 26(a)(2)(C). Likewise, his bare sketches of the medical testimony do not provide sufficient information for an evaluation of whether the heightened Rule 26(a)(2)(B) standards apply to these three experts. As a

12

result, he must either submit a formal written report under Rule 26(a)(2)(B) or provide affidavit testimony sufficient to carry his burden of proving these experts' exemption from Rule 26(a)(2)(B)'s requirements.

### 3. *For Jeffrey R. Fraser*

In addition to, and independent from, the supplementation described above, Heard is ORDERED to show cause no later than **August 30, 2017** as to why Jeffrey R. Fraser should not be prohibited from presenting opinion testimony under Rule 37(c)(1) for the sole reason that Heard did not disclose his intention to elicit opinion testimony from this witness until August 11, 2017, more than one month after the deadline set forth in the Uniform Scheduling Order. Heard's response shall specifically address (1) any justification for his delay in disclosing Fraser; (2) any argument that this delay was harmless; (3) any justification for failing to alert the court in his response (Doc. 45) to the defendant's motion to exclude expert testimony that his attached disclosures identified an expert who had not previously been disclosed; and (4) the basis on which Heard's counsel certified to the court pursuant to Federal Rule of Civil Procedure 11(b) that the attached disclosures were "in compliance with . . . the Court's Uniform Scheduling Order." Doc. 48 at 1. Heard and his counsel are cautioned that the failure to file an adequate show cause response or to address each of these topics in that response may result in sanctions against Heard up to and including the dismissal of his claims, against his counsel, or against both parties.

## III. CONCLUSION

Accordingly, is it ORDERED that Defendants' Objections to Plaintiff's Expert Witness Disclosures and Motion to Preclude Testimony (Doc. 45) and Motion to Extend Deadline for Disclosure of Defendants' Expert Witnesses (Doc. 50) are GRANTED in part and DENIED in part, as follows:

1. Defendants' objections to Plaintiff's expert witness disclosures are SUSTAINED.

2. Plaintiff is ORDERED to supplement all expert witness disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2)(C) no later than **August 30, 2017.**

3. Plaintiff is ORDERED to supplement his medical expert witness disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) no later than **August 30, 2017**, or otherwise to serve on the defendants no later than **August 30, 2017** affidavits setting forth sufficient information to determine whether the medical experts qualify as those from whom formal written reports are required.

4. Plaintiff is ORDERED to show cause no later than **August 30, 2017** as to why Jeffrey R. Fraser should not be excluded from testifying under Rule 37(c)(1) for Heard's noncompliance with the Uniform Scheduling Order, and specifically to address the topics set forth above in his response.

5. It is further ORDERED that any failure by Heard to comply strictly with this order as related to any previously disclosed witness shall be deemed a withdrawal of

Heard's expert witness disclosure as to that witness, and shall result in a prohibition against presenting opinion testimony from that witness at the trial of this case or other appropriate sanctions.

6. The Motion to Extend Deadline for Disclosure of Defendants' Expert Witnesses (Doc. 50) is GRANTED in that defendants' expert witness disclosure deadline is extended to **September 20, 2017**, and DENIED in all other respects.

DONE this 23rd day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE