IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS R. HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 16-cv-856-WKW-GMB |
| | ) | [WO] |
| TOWN OF CAMP HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is Plaintiff's Amended Motion to Modify the Court's Scheduling Order (Doc. 63). Also under consideration is Plaintiff's Amended Show-Cause Response (Doc. 64). Defendants have responded in opposition to the motion, as originally filed, and the court received oral argument on the motion, the show-cause response, and related discovery issues on September 19, 2017. On the basis of the filings, the applicable law, and the oral argument of the parties, it is ORDERED that the motion to modify the scheduling order (Doc. 63) is GRANTED in part and DENIED in part.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is the latest in a series of discovery motions necessitated by Plaintiff Douglas R. Heard's—or, more accurately, his counsel's—failure to comply with basic discovery obligations in a timely manner. *See, e.g.*, Docs. 45 & 48–52. The court set forth the nature of Heard's allegations and the procedural history of this case in its order of August 23, 2017, and refers the parties to that order. Doc. 51.

The court previously found that Heard served deficient expert witness disclosures on the last day allowed under the Uniform Scheduling Order. *See* Doc. 51. As a result, the court sustained Defendants' objections to these disclosures. Doc. 51 at 5–8. In so doing, the court found that Heard's expert disclosures did "little more than sketch out the broad contours of the subjects about which his experts will testify," and specifically identified Robert Schuster, M.D. as one witness for whom Heard "ha[d] not identified a single specific opinion." Doc. 51 at 7. Even though his expert disclosures were already past due and Heard offered no justification for his failure to comply with Federal Rules of Civil Procedure 26(a)(2)(B) and (C), the court allowed Heard additional time—up to and including August 30—to supplement his disclosures. Doc. 51 at 12. The court did so only after finding that, "[a]lthough unjustified[,] Heard's failure can be considered harmless if—and only if—he timely supplements his disclosures." Doc. 51 at 8.

Even that supplementation proved to be a challenge for Heard. In seeking an extension of the August 30 disclosure deadline, Heard represented to the court that Dr. Schuster was unavailable until September 1, but his expert disclosure could be completed by September 8. Doc. 52 at 2. On the basis of this representation, the court granted Heard's request for an extension to September 8. Doc. 56. Because of this extension, the court ordered a corresponding continuance of Defendants' expert witness disclosures and the discovery and dispositive motion deadlines. Doc. 56. Despite the extension, during oral argument on September 19 the court learned that Heard did not supplement his expert

disclosure for Dr. Schuster even within the extended timeframe he requested.[1] As her justification for this failure, Heard's counsel offered that she "had no control over" Dr. Schuster, and simply "did not receive his affidavit."

The court's order of August 23 also required Heard to show cause as to why he should not be prohibited from disclosing Jeffrey R. Fraser as an expert solely because his first disclosure of this witness came on August 11, more than one month after the expert disclosure deadline. Doc. 51 at 13. In response, Heard's counsel explained that she "mistakenly presumed that Fraser's company was a subsidiary of Dr. James Lyle, M.D.'s office." Doc. 64 at 1. Counsel clarified during oral argument that the "medical records that we received [from Dr. Lyle] were inclusive of Mr. Fraser's records, and so we presumed that he was in fact a part of Dr. Lyle's operation, or his office." Because of this assumption, Heard's counsel believed that Dr. Lyle could "validate [Fraser's] report—it's a part of his records. [Dr. Lyle's] testimony would then be the only testimony that we would need." At some point, however, Heard's counsel realized that Fraser and Dr. Lyle do not work together, and thereafter sought an extension of the Uniform Scheduling Order to allow Fraser's disclosure. Doc. 63.

## II. DISCUSSION

The court previously found that Heard's expert disclosures for Dr. Schuster and Fraser were inadequate under Rule 26(a)(2)(B) and (C). Pursuant to Rule 37(c), the

---

[1] Heard did serve a supplemental disclosure relating to Dr. James Lyle by September 8. Defendants should raise any objection to this disclosure or to this witness's expected testimony by separate motion. The court likewise will entertain a request for attorney's fees or other appropriate sanctions relating to Heard's noncompliance with Rule 26(a) only upon motion of Defendants. *See* Fed. R. Civ. P. 37(c)(1).

court found that this failure was not substantially justified but would be harmless if Heard timely supplemented his disclosures. This supplementation has not yet occurred, and the court must again consider whether Rule 37(c) operates to preclude these witnesses from offering expert testimony at trial and other proceedings in this case. This analysis is guided by five considerations:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Cambridge Univ. Press v. Becker*, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010) (citation omitted). Having heard oral argument on these factors and having received the parties' briefs on the same, the court again finds that Heard's failures to comply with Rule 26(a) are not substantially justified but may be cured with timely supplementation.

In an effort to justify her chronic inability to meet discovery obligations, Heard's counsel has done little more than pass the buck to Dr. Schuster by offering that she had "no control" over him. And she fell on her own sword in admitting that the Fraser nondisclosure was due to her own error in assessing his employment status. These are not legitimate justifications. And the excuse for Dr. Schuster, in particular, does not hold water.[2] If Rule 37(c)'s safety valve applied only to substantially justified

---

[2] Heard's counsel also has not convinced the court that the fourth factor, the importance of the anticipated expert testimony to Heard's case, supports the court's decision to allow an untimely disclosure. Heard's counsel described the significance of Dr. Schuster's testimony to Heard's case as follows:
> Dr. Schuster is a very important witness because he was the first medical person of contact, beyond the emergency room visit, who followed this man—and is still his primary physician—from the point that he did in February of 2015, to refer him to Dr.

4

noncompliance with Rule 26(a), Heard's counsel would have earned an exclusion for both witnesses. But Rule 37(c) also allows for harmless noncompliance with Rule 26(a). Again, the extended lag time between the failures to disclose and the June 2018 trial date gives Heard an opportunity to cure his Rule 26(a) deficiencies. For the same reasons the court previously allowed supplemental disclosures, it does so now. *See* Doc. 8–10.

For the reasons stated above, it is hereby ORDERED that Heard's amended motion to modify the scheduling order (Doc. 63) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent it seeks to extend Heard's deadline for supplementing his medical expert disclosures for both Fraser and Dr. Schuster consistent with the court's order of August 23, 2017 to **September 25, 2017**. The motion is DENIED in all other respects.

Due to this extension of Plaintiff's expert disclosure deadline, it is further ORDERED that the Uniform Scheduling Order (Doc. 25), as amended (Docs. 44 & 56), is modified as follows:

---

> Lyle. And certainly, we expect that the court would need that testimony to see that connection. Dr. Lyle was not the first medical person to visit with Mr. Heard regarding this medical injury; Dr. Schuster was. And so we do want him to serve as an expert to show that connection, to show that what happened during his visits with him, what he did in treating this man the way he did. Dr. Schuster used conservative methods to treat Mr. Heard for a period of time. He put a brace on his wrist, he tried medication for pain, several methods he used to try to get Mr. Heard back to normal—none of them worked. Only Dr. Schuster can tell you that, Judge.

As the court noted during the hearing on September 19, this summary of Dr. Schuster's expected testimony casts him largely, if not exclusively, as a fact witness and calls into question whether he ought to be subject to Rules 26(a)(2)(B) or (C) in the first place. As the court understands Fraser's anticipated testimony, he may be similarly situated.

1. The defendants shall provide expert witness disclosures in accordance with Section 8 of the Uniform Scheduling Order on or before **October 20, 2017.**

2. All discovery shall be completed on or before **November 20, 2017.**

3. All dispositive motions and *Daubert* motions shall be filed on or before **December 20, 2017.**

Plaintiff and his counsel are cautioned that the court will not entertain any additional request to extend these or other deadlines absent a showing of exceptional cause. All other requests will be denied summarily and without a hearing.

## III. CONCLUSION

Accordingly, it is ORDERED that the motion to modify the scheduling order (Doc. 63) is GRANTED in part and DENIED in part, as set out above. It is further ORDERED that the Uniform Scheduling Order (Doc. 25), as amended (Docs. 44 & 56), is modified as set out above.

DONE on the 20th day of September, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE