IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS R. HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-856-WKW-GMB |
| | ) | [WO] |
| TOWN OF CAMP HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court are Plaintiff's Objections to the Defendants' Expert Witness Disclosures Pursuant to Rule 26 (Doc. 71), which seek to preclude Defendants from offering expert testimony from a number of witnesses disclosed pursuant to Federal Rule of Civil Procedure 26. Defendants have responded in opposition (Doc. 72), and the District Court referred this motion to the undersigned on November 17, 2017. Doc. 75. For the reasons set out below, Plaintiff's motion (Doc. 71) is GRANTED in part and DENIED in part.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Douglas R. Heard claims that he was wrongfully arrested on three occasions, and as a result he has sued the Town of Camp Hill, Alabama, along with its mayor, Danny Evans; its chief of police, Johnny R. Potts; and a police officer working for the Town, Kendrick Norris. Doc. 39 at 1–2. For a more detailed discussion of Heard's claims and the procedural history of this case, the court refers the parties to its Order of

1

August 23, 2017. *See* Doc. 51.

The August 23 Order addressed the same issue now before the court—whether the parties' expert witness disclosures comply with Rule 26(a)(2). Then, Defendants claimed that Heard had not satisfied Rule 26. *See, e.g.*, Doc. 45. The court granted some, but not all, of the relief they requested. Now, the shoe is on the other foot, with Heard claiming that Defendants' disclosures are insufficient in five ways: (1) the disclosure for Judge Charles Price does not appropriately identify the facts or data upon which his testimony is based; (2) the disclosure for Potts does not appropriately describe his anticipated opinions; (3) the disclosure for Norris does not appropriately describe his anticipated opinions; (4) the disclosure for Norris references an opinion regarding the 911 telephone system that is irrelevant to the case; and (5) the blanket disclosure of Heard's medical or mental health professionals is inappropriate. Each objection is addressed below.

## II. DISCUSSION

### A. Disclosure for Judge Price

Defendants have identified Judge Price as a retained or specially employed expert, triggering the heightened disclosure requirements of Rule 26(a)(2)(B). Doc. 71-1 at 1. Heard objects to the representation in Judge Price's report that it "outlines 'exhibits that will be used to summarize or support'" his opinions. Doc. 71 at 1. Instead, Heard claims that the report "simply lists 24 items that the expert states were reviewed. There are no specific exhibits cited as indicated in the Defendants' disclosures." Doc. 71 at 2.

Rule 26(a)(2)(B)(iii) requires expert reports to "contain any exhibits that will be used to summarize or support [the expert's opinions]." Heard admits that the report identifies 24 specific exhibits on which Judge Price bases his opinions, and at any rate the court finds that Judge Price's report sufficiently identifies his opinions and the information upon which they are based. *See generally* Doc. 71-1. The report does not, however, "contain" the exhibits within the customary meaning of that word. The question, then, is whether Defendants' failure to attach the exhibits to Judge Price's disclosure renders the disclosure insufficient. As the court observed when it last addressed this issue, "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58 (2006). There is no meaningful potential for surprise when Defendants have identified the 24 categories of evidence upon which Judge Price relied. Nor is there asymmetry in the expert disclosures provided by Heard and Defendants, as both expert disclosures described the evidence viewed by the respective experts in lieu of attaching physical copies of these documents to the disclosures. *See, e.g.*, Doc. 48-1 at 2 (disclosing Heard's treating physician's reliance on Heard's medical records, which were produced in discovery but not attached to the disclosure).

Moreover, most—if not all—of the 24 categories of evidence disclosed in Judge Price's report appear either to be discovery materials exchanged by the parties to this case or pleadings filed in this court. *See* Doc. 71-2 at 2–3 (listing, for example, eight

3

deposition transcripts, the video recording of Heard's arrest by Potts, and a number of specific pleadings). The court finds no prejudice to Heard if the documents Defendants have identified are already in his attorney's possession. This is particularly true when Heard's counsel chose to employ the same procedure. However, to the extent Judge Price has relied on evidence that is not available to Heard or has not been previously produced in discovery, Defendants are ORDERED to provide a copy of that evidence to Heard no later than November 22, 2017. Heard's objections to Judge Price's disclosure are OVERRULED in all other respects.

**B.     Disclosures for Potts and Norris**

Next, Defendants have identified Potts and Norris as experts who are not retained or specially employed, traveling under Rule 26(a)(2)(C)'s more relaxed standard. *See* Doc. 71-1 at 2. Heard has not contested this status. Under Rule 26(a)(2), parties must disclose "the identity of any witness [the party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Thus, the threshold issue is whether Potts and Norris will present evidence within the ambit of Rules 702, 703, or 705. In addition to identifying both Potts and Norris as experts in the disclosures, Defendants state that Potts and Norris will offer opinions based on their "training, experience, education and personal observations" about whether Potts' actions were "consistent with standard operating procedures and commonly accepted practices for law enforcement officers in the State of Alabama." Doc. 71-1 at 2. Based on these representations, the court concludes that both Potts and Norris qualify as experts under

Rule 26(a)(2)(C).

Therefore, Rule 26 compels the defendants to provide "the subject matter on which the witness is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Defendants have met these requirements. As quoted above, Defendants disclosed the subject matter on which Potts and Norris will testify—whether the level of force employed by Potts when he arrested Heard was appropriate and sufficient to cause injury. Further, contrary to Heard's assertions, Defendants have provided a summary of the facts and opinions to which Potts and Norris will testify—that Potts applied handcuffs in a manner consistent with commonly-accepted practices and procedures for Alabama law enforcement officers, that the force was minimal and not excessive, and that the force would not have caused injury. *See* Doc. 71-1 at 2. Defendants also indicate that Potts and Norris will testify that the 911 telephone system is generally used for emergencies only, and that any additional facts to which each may testify are included in their September 28, 2017 depositions. *See* Doc. 71-1 at 2.

Heard contends that Defendants were required to explain, in detail, what practices and procedures are commonly-accepted in the law enforcement community and what constitutes force that is minimal, not excessive, and insufficient to cause injury. This is not what Rule 26(a)(2) compels and is a far higher burden than what the court required of Heard in its August 23, 2017 Order. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii) (providing for a "summary of the facts and opinions to which the witness is expected to testify"); Doc. 51

at 7 (noting that Plaintiff's disclosure indicated that a medical doctor would "provide an opinion regarding the Plaintiff's physical health conditions prior to and since the incident made the basis of this lawsuit," without defining what that opinion would be). Far from creating surprise, the disclosures of Potts and Norris explain that both will testify that, according to the policies and procedures applicable to Alabama police officers, the force employed by Potts was minimal, not excessive, and not sufficient to cause injury. Defendants have provided the subject matter of Potts and Norris's testimony and a summary of the facts and opinions to which each will testify. Accordingly, the court concludes that Defendants have satisfied Rule 26(a)(2)'s disclosure requirements with regard to Potts and Norris, and Heard's objections to these disclosures are therefore OVERRULED.

C. **Testimony Regarding the 911 Telephone System**

Heard has also lodged a relevancy objection to testimony that the 911 emergency telephone system is used for "emergencies where health, safety or property is in immediate jeopardy," and not for "non-emergency situations."[1] Doc. 71-1 at 2. Rule 26 explicitly provides that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Instead, the rule permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

---

[1] While Heard mentions only Norris in this portion of this brief, Defendants' disclosures reveal that Potts also intends to testify on this subject. *See* Doc. 71-1 at 2.

may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Of course, given the broad scope of discovery under Rule 26, it is Heard's burden to demonstrate that "it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action." *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (citation and internal quotation marks omitted). He has not done so. Heard might have a relevancy objection to the introduction at trial of evidence relating to the 911 system, but at this stage of the litigation he has not offered any basis for prohibiting discovery into this subject. Accordingly, this objection is OVERRULED.

**D.      Testimony of Medical or Mental Health Professionals**

Finally, Heard objects to the disclosure of "[a]ny medical or mental health professionals providing treatment to Plaintiff Douglas Heard either before or after the incidents described in Plaintiff's Second Amended Complaint." Doc. 71-1 at 2. The court agrees that such a blanket disclosure does not comply with the basic obligations set forth in Rule 26(a)(2) and detailed above. Therefore, the court SUSTAINS Heard's objections with respect to this portion of the disclosures. Defendants are ORDERED either to (1) specifically identify the health professionals from whom they intend to elicit opinion testimony and provide any disclosures required by Rule 26(a)(2), or (2) withdraw their expert disclosures for these witnesses.

### III.   CONCLUSION

For these reasons, it is ORDERED that Plaintiff's motion (Doc. 71) is GRANTED

in part and DENIED in part.   It is further ORDERED as follows:

1. To the extent Judge Charles Price has relied on information that is not available to Heard or has not previously been produced in this action, on or before **November 22, 2017**, Defendants are ORDERED to provide a copy of that evidence to Heard; and

2. On or before **November 22, 2017**, Defendants shall either (1) specifically identify the health professionals from whom they intend to elicit opinion testimony and provide any disclosures required by Rule 26(a)(2), or (2) withdraw their expert disclosures for these witnesses.

DONE this 17th day of November, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE