IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS R. HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-856-WKW-GMB |
| | ) | [WO] |
| TOWN OF CAMP HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court are Plaintiff's Motion to Permit the Plaintiff's Subpoena to Inspect and Receive the Evidence Requested of Defendant, or in the Alternative, Motion to Compel (Doc. 77); Plaintiff's Motion to Extend the Discovery Cutoff (Doc. 78); and Plaintiff's Motion for an Order to Prevent Removal, Deletion, Encryption of All Electronic Data From or On Any Computer Hard Drive Owned by Defendant Town of Camp Hill, Alabama (Doc. 79). As previously announced during the court's on-the-record status conference on November 20, 2017, and for the reasons stated during that conference, the motions (Docs. 77, 78 & 79) are DENIED.

By way of background, Plaintiff's counsel, Ms. Lateefah Muhammad, previously served discovery requests on counsel for the Town of Camp Hill, Alabama ("Camp Hill") asking, among other things, for any videotaped recordings of Plaintiff's arrest. Doc. 77-5 at 5–6. Camp Hill has represented that all responsive recordings in its possession have been produced. Doc. 77-5 at 5–6. For reasons not made entirely clear to the court, Ms.

1

Muhammad disbelieves this representation. As a result, and rather than seeking to compel an additional response pursuant to Rule 37(a)(1), Ms. Muhammad admits that she attempted to circumvent the Federal Rules of Civil Procedure by serving a Rule 45 subpoena ostensibly compelling Camp Hill—a party to this action—to submit to a wide-ranging inspection of its computer system. *See* Doc. 73-1. This was plainly improper. *See, e.g.*, *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 582 (D. Md. 2010) (holding that a Rule 45 subpoena is "completely improper" where "Plaintiff had objected to producing [the relevant documents] under Rule 34, and Defendant had not moved to compel their production"). The court granted Camp Hill's motion to quash this subpoena and scheduled the parties for a status conference on the following business day. Docs. 73 & 74. Ms. Muhammad filed the three motions described above on the morning of the conference, so the court held oral argument on the three motions during the status conference on November 20, 2017.

The three recent motions are a continuation of Ms. Muhammad's misuse of federal discovery techniques in this action. She clarified during the conference that her first motion (Doc. 77) merely seeks to enforce the previously quashed subpoena by ordering Camp Hill to turn over control of its computer system to her. Ms. Muhammad's second motion (Doc. 78), which she filed on the last day of discovery under the court's Uniform Scheduling Order, seeks an extension of the discovery cutoff for an unspecified amount of time to allow for an inspection of Camp Hill's computers. Ms. Muhammad's third motion (Doc. 79) seeks broad restrictions of Camp Hill's ability to access its own computer

system. Despite the drastic relief requested in these motions, the written filings provide exceedingly little factual justification for the relief they request. Similarly, the court repeatedly asked Ms. Muhammad to explain her motions during the conference but her responses failed entirely to articulate (1) why Camp Hill should be compelled to allow Ms. Muhammad and certain witnesses to this action—at least one of whom is a former employee of Camp Hill who has been involved in litigation against Camp Hill—unfettered access to its computer systems; (2) how Ms. Muhammad has shown exceptional cause, *see* Doc. 66 at 6, for a third extension of the discovery cutoff; or (3) how the requested restrictions on Camp Hill's use of its computers are well tailored to the preservation of evidence that is already subject to Camp Hill's duty of preservation. The court cannot grant the relief Ms. Muhammad has requested on such a meager showing.

Accordingly, Plaintiff's motions (Docs. 77, 78 & 79) are DENIED.

DONE this 21st day of November, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE